UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| THE TRAVELERS INDEMNITY COMPANY OF CONNECTICUT<br><br>    Plaintiff<br><br>VS.<br><br>P.F. CHANG'S CHINA BISTRO, INC.<br><br>    Defendant | CASE NUMBER:<br><br>3:14-cv-01458 (VLB)<br><br><br><br><br><br><br>APRIL 27, 2015 |

## JOINT MOTION TO STAY

The Plaintiff, The Travelers Indemnity Company of Connecticut ("Travelers"), and the Defendant, P.F. Chang's China Bistro, Inc. ("P.F. Chang's"), jointly file this Motion to Stay and respectfully move the Court to stay the above-captioned declaratory judgment action. The above-captioned declaratory judgment action seeks a judicial determination regarding coverage under Travelers Policies issued to P.F. Chang's in relation to three lawsuits filed against P.F. Chang's. The Parties respectfully request a stay of this action on the ground the three lawsuits filed against P.F. Chang's have been dismissed, subject to appeal. To the extent the dismissal is affirmed on appeal, the scope of the declaratory judgment action will be impacted, and the need for a judicial determination regarding coverage for the lawsuits may be eliminated. Accordingly, the Parties jointly move the Court to stay this action until all appeals regarding the underlying lawsuits are resolved. The grounds for the Parties' Joint Motion to Stay are set forth in more detail below.

**ORAL ARGUMENT NOT REQUESTED**

I. **FACTS AND BACKGROUND INFORMATION**

The above-captioned lawsuit is an action for declaratory relief pursuant to 28 U.S.C. § 2201, *et seq.* In this action, Travelers seeks a declaration that it is not obligated to defend or indemnify P.F. Chang's under Commercial General Liability insurance policies issued by Travelers to P.F. Chang's as a Named Insured in relation to litigation arising out of an alleged theft of customers' financial information.

More specifically, Travelers seeks a declaration there is no defense or indemnity coverage under the Travelers Policies in relation to the following litigation:  (a) *Daniel Lovell, Individually And On Behalf Of A Class Of Those Similarly Situated v. P.F. Chang's China Bistro, Inc.*, bearing Docket Number 2:14-cv-01152, filed in the United States District Court for the Western District of Washington, Seattle Division (the "Lovell Lawsuit"); (b) *Lucas Kosner, Individually And On Behalf Of A Class Of Those Similarly Situated v. P.F. Chang's China Bistro, Inc.*, bearing Docket Number 1:14-cv-04923, filed in the United States District Court for the Northern District of Illinois, Eastern Division (the "Kosner Lawsuit"); and (c) *John Lewert, Individually And On Behalf Of A Class Of Those Similarly Situated v. P.F. Chang's China Bistro, Inc.*, bearing Docket Number 1:14-cv-04787, filed in the United States District Court for the Northern District of Illinois, Eastern Division (the "Lewert Lawsuit")[1] (referred to collectively herein as the "Lawsuits"). P.F. Chang's has filed a Counterclaim in the above-captioned action, seeking a ruling regarding coverage for the Lawsuits under the Travelers Policies.

---

[1] **The Kosner Lawsuit was later consolidated with the Lewert Lawsuit.**

P.F. Chang's filed Motions to Dismiss the Lawsuits, and the Courts have granted each Motion to Dismiss. Accordingly, each Lawsuit involved in P.F. Chang's claims for coverage under the Travelers Policies has been dismissed, subject to appeal. These rulings were issued only after this Court had approved the Parties' Rule 26(f) Report and set case deadlines in this action. In light of these new developments, the Parties jointly request a stay of the above-captioned action until the appeals regarding the Lawsuits are fully resolved.

## LAW AND ANALYSIS

"[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants."   *Louis Vuitton Malletier S.A. v. LY USA, Inc.*,  676 F.3d 83, 96-97 (2d Cir. 2012) (internal quotation marks omitted). "How this can best be done calls for the exercise of judgment, which must weigh competing interests and maintain an even balance."   *Id.*  at 97;  see also *International Broth. of Boilermakers, Iron Shipbuilders, etc. v.  Combustion Engineering, Inc., etc.,*  337 F. Supp. 1349, 1352 (D.C. Conn. 1971) (the Court has the discretion to stay an issue or an action; the "power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants. How this can best be done calls for the exercise of judgment, which must weigh competing interests and maintain an even balance."). A motion for stay is properly granted where the stay would potentially conserve time and effort for the litigants, as well as the court.  *Combustion Engineering, Inc.,*  337 F. Supp. at 1352.

P.F. Chang's filed Motions to Dismiss the Lawsuits, and the Courts have granted each Motion to Dismiss. Accordingly, each Lawsuit involved in P.F. Chang's claims for coverage under the Travelers Policies has been dismissed, subject to appeal. In light of these rulings dismissing the underlying Lawsuits, the Parties respectfully move the Court to stay the pending action until all appeals regarding the Lawsuits' dismissal have been resolved. The Parties respectfully request that the Court stay the above-captioned matter, because the Courts' rulings regarding the appeals will impact the scope of the Declaratory Judgment Action and may even eliminate the need for a judicial determination regarding the claims in Travelers' pending Complaint and P.F. Chang's Counterclaim.

III. **CONCLUSION**

WHEREFORE, Travelers and P.F. Chang's jointly move the Court to stay the above-captioned action pending the resolution of all appeals regarding the underlying Lawsuits.

THE PLAINTIFF,
THE TRAVELERS INDEMNITY
COMPANY OF CONNECTICUT

/s/ Robert L. Ciociola
Robert L. Ciociola, ct21313
Melicent B. Thompson, ct19868
Kathleen F. Adams, ct28120
Litchfield Cavo LLP
82 Hopmeadow Street, Suite 210
Simsbury, CT 06089-9694
Tel: (860) 413-2800
Fax: (860) 413-2801
ciociola@litchfieldcavo.com
thompson@litchfieldcavo.com
adamsk@litchfieldcavo.com

**THE DEFENDANT,**
**P.F. CHANG'S CHINA BISTRO, INC.**

/s/ Benjamin M. Schmidt
Benjamin M. Schmidt (ct27201)
Ballard Spahr LLP
1735 Market Street, 51st Floor
Philadelphia, PA 19103-7599
Telephone (215) 864-8136
Facsimile (215) 864-8999
schmidtbballardspahr.com

## CERTIFICATION OF SERVICE

I hereby certify that on this 27" day of April, 2015, a copy of the foregoing Joint Motion to Stay was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the court's CM/ECF System.

/s/ Robert L. Ciociola
Robert L. Ciociola, ct21313
Melicent B. Thompson, ct19868
Kathleen F. Adams, ct28120
Litchfield Cavo LLP
82 Hopmeadow Street, Suite 210
Simsbury, CT 06089-9694
Tel: (860) 413-2800
Fax: (860) 413-2801
ciociola@litchfieldcavo.com
thompson@litchfieldcavo.com
adamsk@litchfieldcavo.com